Ryan L. Gentile, Esq.
Law Offices of Gus Michael Farinella, PC
110 Jericho Turnpike - Suite 100
Floral Park, NY 11001
Tel: 516-326-2333
Attorney for Plaintiff, Modibo Soumare
on behalf of himself and all others
similarly situated

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------X
MODIBO SOUMARE, on behalf of himself        Civil Action No.
and all others similarly situated

                Plaintiffs,
                                                **CLASS ACTION**
                                                **COMPLAINT**
   v.

FIRSTSOURCE ADVANTAGE, LLC

                Defendant.
--------------------------------------------------------X

## INTRODUCTION

1. Plaintiff, on his own behalf and on behalf of the class he seeks to represent, brings this action to secure redress for the debt collection practices utilized by Firstsource Advantage, LLC ("Firstsource" or "Defendant") in connection with their attempts to collect alleged debts from himself and others.

2. Plaintiff alleges that the Defendant's collection practices violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA")

3. The FDCPA broadly prohibits conduct which harasses, oppresses or abuses any debtor; any false, deceptive or misleading statements in connection with the collection of a debt; unfair or

1

unconscionable collection methods; and requires certain disclosures. 15 U.S.C. §§ 1692d, 1692e, 1692f and 1692g.

4. The FDCPA is a strict liability statute which provides for actual or statutory damages upon the showing of a single violation. *See* Bentley v Great Lakes Collection Bureau, 6 F.3d 60, 62-63 (2d Cir. 1993).

## JURISDICTION AND VENUE

5. This Court has jurisdiction over Plaintiff's FDCPA claim pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

6. Venue and personal jurisdiction in this District are proper because:
    a. The acts giving rise to this lawsuit occurred within this District; and
    b. Defendant does business within this District.

## PARTIES

7. Plaintiff, Modibo Soumare is an individual natural person who at all relevant times resided in the City of Brooklyn, County of Kings, State of New York.

8. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

9. Defendant, Firstsource Advantage, LLC is a corporation with its principal place of business located at 205 Bryant Woods South, Amherst, NY 14228.

10. The principal purpose of Firstsource is the collection of debts using the mail and telephone.

11. Firstsource regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

12. Firstsource is registered as a debt collector with the State of New York.

13. Firstsource is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## FACTS

14. Sometime prior to January 1, 2020, Plaintiff allegedly incurred a debt to American Express ("AMEX") related to a credit card with an account number ending in 51006 (the "Debt").

15. The Debt arose out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family or household purposes, namely fees emanating from a personal credit card account in Plaintiff's name that was issued by AMEX.

16. The Debt arose out of a credit card account which Plaintiff opened for his personal use.

17. Plaintiff's credit card account that was issued by AMEX was neither opened nor used by Plaintiff for business purposes.

18. Plaintiff's personal credit card account Debt to AMEX is a "debt" as defined by 15 U.S.C. § 1692a(5).

19. Sometime after the incurrence of the Debt, but before the initiation of this action, Plaintiff was alleged to have fallen behind on payments owed on the alleged Debt.

20. The Debt went into default because of non-payment.

21. At a time known only to Defendant, Plaintiff's Debt was referred to Firstsource by AMEX for collection.

22. The Debt was never assigned to Firstsource.

23. Firstsource was never transferred, sold, or assigned any interest or rights with regard to the Debt.

24. Firstsource is not the owner of the Debt or the Plaintiff's creditor, but rather is merely a third-party debt collector with no legal interest or right in the Debt.

25. Firstsource contends that the Debt is in default.

26. Firstsource contends that the Debt is past-due.

27. The Debt was in default at the time the Debt was referred to Firstsource for collection.

28. The Debt was past-due at the time the Debt was referred to Firstsource for collection.

29. At all times relevant hereto, Defendant acted in an attempt to collect the Debt.

30. On or about March 26, 2020, Firstsource mailed or caused to be mailed a letter to Plaintiff (the "Letter"). (Annexed and attached hereto as Exhibit A is a copy of the Letter dated March 26, 2020 that Firstsource mailed to the Plaintiff, except the undersigned counsel has in accordance with Fed. R. Civ. P. 5.2 redacted the financial account numbers and Plaintiff's street address to protect his privacy)

31. Firstsource mailed the Letter as a part of their efforts to collect the Debt.

32. The Letter is directed to Plaintiff.

33. The Letter was sent in connection with the collection of the Debt.

34. The Letter seeks to collect the Debt.

35. The Letter conveyed information regarding the Debt including the Total Balance Due, Firstsource reference number, states that it is an attempt to collect the Debt, and requests payment of the Debt.

36. The Letter attached as Exhibit A is a "communication" as that term is defined by 15 U.S.C. § 1692a(2).

37. The Letter states in relevant part on the top left portion:

> Total Balance Due: $1,833.64

4

38. The Letter contained a detachable payment coupon for Plaintiff to return with payment towards the Debt that included a "Balance Due" of $1,833.64.

39. The Letter stated in relevant part, "You have been selected to receive an Optima Card application if you pay your balance in full on the American Express account referenced above."

40. The Letter does not disclose or otherwise state in any way that the total amount of the Debt ($1,833.64) may increase because of interest, late charges, and/or other fees.

41. Interest was accruing on the Debt.

42. Late charges and/or other fees were accruing on the Debt.

43. Upon information and belief, as of the date of this Complaint, the current amount of the Debt is $2,140.63.

44. The increase in the amount of the Debt from $1,833.64 on March 26, 2020 (the date of the Letter) to $2,140.63 (the date of this Complaint), was because of interest, late charges, and/or other fees that had accumulated and were added to the total balance of Debt after Firstsource mailed the Letter to Plaintiff.

45. The Letter did not state that Firstsource would accept payment of $1,833.64 in full satisfaction of the Debt if payment of $1,833.64 was made by a specified date.

46. Plaintiff, as would any least sophisticated consumer, incorrectly believed from reading the Letter that the amount of the Debt was static and that his payment of the $1,833.64 amount listed on the top portion of the Letter and again in the detachable payment coupon would satisfy the Debt in full irrespective of when the payment was remitted.

47. Firstsource collection practice is a high-volume practice.

48. Firstsource's debt collection practice is largely automated and utilizes standardized form letters.

49. Documents in the form represented by Exhibit A are regularly sent by Firstsource to collect debts.

50. Exhibit A is a standardized form letter.

51. Exhibit A is a computer-generated form letter.

52. Firstsource mailed or caused to be mailed letters in the form of Exhibit A over the course of the past year to hundreds of New York consumers from whom Firstsource attempted to collect a consumer debt.

## CLAIMS FOR RELIEF

## COUNT I

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

53. Plaintiff incorporates by reference all of the above paragraphs as though fully stated herein.

54. In sending the Letter attached as Exhibit A, Firstsource violated 15 U.S.C. §§1692, 1692e(2)(A), and 1692(e)(10).

55. 15 U.S.C. §1692e provides:

> **§1692e.        False or Misleading Representations**
>
> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
>> (2) The false representation of --
>>
>>> (A) the character, amount, or legal status of any debt;
>>
>> (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer;

56. The Second Circuit Court of Appeals has previously held that when a debt is accruing interest and/or other fees, a collection letter, like the Letter attached as Exhibit A, violates § 1692e of the FDCPA unless it states the total amount due as of the date the letter is sent **and** discloses that the amount of the debt may increase because of interest or fees accruing on the unpaid principal. *See,* Avila v. Riexinger & Associates, LLC, 817 F. 3d 72, 76 (2d. Cir. 2016) ("Because the statement of an amount due, without notice that the amount is already increasing due to accruing interest or other charges, can mislead the least sophisticated consumer into believing that payment of the amount stated will clear her account, we hold that the FDCPA requires debt collectors, when they notify consumers of their account balance, to disclose that the balance may increase due to interest and fees. We think that requiring such disclosure best achieves the Congressional purpose of full and fair disclosure to consumers that is embodied in Section 1692e. It also protects consumers such as plaintiffs who may hold the reasonable but mistaken belief that timely payment will satisfy their debts")
57. Firstsource violated 15 U.S.C. § 1692e(2)(A) because the Letter made a false representation as to the amount of the Debt, misrepresented its character (as fixed), and misrepresented its legal status (not disclosing that it was continuing to accrue interest and other fees).
58. Firstsource violated 15 U.S.C. § 1692e(10) by failing to disclose in the Letter that the amount of the Debt may increase because of interest and/or fees, and as such, Firstsource used a false and misleading representation in connection with the collection of the Debt.
59. Firstsource violated § 1692e(2)(A) and § 1692e(10) and by asserting flatly in the Letter, that the amount of the Debt was a sum certain and failing to inform Plaintiff that the

amount of the Debt would increase because of the interest and/or fees that were still accumulating on the Debt. This assertion was untrue, and known by Firstsource to be untrue, because Firstsource was hired to collect a debt from Plaintiff on behalf of AMEX that Firstsource knew was accruing interest and/or fees, and would continue to accrue interest and/or other fees after they mailed the Letter to Plaintiff.

60. The false representation of the amount of the Debt and/or it's character and legal status is material because it impeded Plaintiff's ability to respond by making him think that payment of the "Total Balance Due" of the Debt listed in the Letter and the detachable payment coupon in the Letter would satisfy the Debt regardless of when it was paid and potentially qualify him for the Optima Card referenced in the Letter.

61. Plaintiff has alleged a particularized injury because the Letter was directed to him.

62. Plaintiff has alleged a concrete harm because the FDCPA creates a substantive right to be free from abusive debt communications and Defendant's violations of the FDCPA results in concrete harm to Plaintiff.

63. Be reason thereof, Defendant is liable to Plaintiff and the proposed class for judgment that Defendant's conduct violated 15 U.S.C. § 1692e and for statutory damages, costs, and attorneys' fees pursuant to 15 U.S.C. § 1692k.

## CLASS ALLEGATIONS

64. Plaintiff incorporates by reference all of the above paragraphs as though fully stated herein.

65. This action is brought as a class action. Plaintiff brings this action on behalf of himself and on behalf of all other persons similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure.

66. The Class is initially defined as: (a) all individuals (b) with a New York address (c) who were sent letters or notices from Firstsource in a form materially identical or substantially similar to the Letter attached as <u>Exhibit A</u> to the Complaint (d) which letters were not returned as undeliverable (e) on or after a date one year prior to the filing of this action and on or before a date 20 days after the filing of this action (f) regarding an alleged debt owed to AMEX (g) where the debt referenced in the letter accrued interest, late charges and/or other fees after Firstsource sent the letter to the individual.

67. The class definition above may be subsequently modified or refined in an amended complaint or in any motion for class certification.

68. The proposed class specifically exclude the United States of America, the states of the Second Circuit, counsel for the parties, the presiding United States District Court Judge, the Judges of the United States Court of Appeals for the Second Circuit and the United States Supreme Court.

69. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

    i. **Numerosity**: The Plaintiff is informed and believes and on that basis alleges, that the class defined above is so numerous that joinder of all members would be impracticable. Upon information and belief, based on the fact that the Complaint involves a form collection letter, there are at

    least 40 members of the class. The exact number of class members is unknown to Plaintiff at this time and can be ascertained only through appropriate discovery. The class is ascertainable in that the names and addresses of all class members can be identified in business records maintained by the Defendant.

ii. **Common Questions Predominate**: There exists a well-defined community of interest in the questions of law and fact involved that affect the parties to be represented. These common questions of law and fact predominate over questions that may affect individual class members. Such issues include, but are not limited to: (a) The existence of the Defendant's identical conduct particular to the matter at issue; (b) Defendant's violations of the FDCPA, specifically 15 U.S.C. §1692e; (c) The availability of statutory penalties; and (d) Attorneys' fees and costs.

iii. **Typicality**: The claims of the Plaintiff are typical of those of the class they seek to represent. The claims of the Plaintiff and the members of the class originate from the same conduct, practice, and procedure, on the part of the Defendant. Thus, if brought and prosecuted individually, the claims of each class member would require proof of the same material and substantive facts. Plaintiff possesses the same interests and has suffered the same injuries as each member of the proposed class. Plaintiff asserts identical claims and seeks identical relief on behalf of the unnamed class members.

    iv. **Adequacy**: Plaintiff will fairly and adequately protect the interests of the class and has no interest adverse to or which directly and irrevocably conflicts with the interests of other members of the class. Plaintiff is willing and prepared to serve this Court and the proposed class. The interests of the Plaintiff are co-extensive with and not antagonistic to those of the absent class members. Plaintiff has retained the services of counsel who are experienced in FDCPA litigation and will adequately prosecute this action, and will assert, protect and otherwise represent Plaintiff and all absent class members. Neither the Plaintiff nor their counsel have any interests which might cause them to not vigorously pursue the instant class action lawsuit.

    v. **Superiority**: A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members of the class would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender. Furthermore, a class action is superior for the fair and efficient adjudication of this matter because individual actions are not economically feasible, members of the class are likely to be unaware of their rights or that they were violated, and Congress intended class actions to be the principal enforcement mechanism under the FDCPA.

**WHEREFORE**, the Court should enter judgment in favor of Plaintiff and the class and against Defendant for:

1. An order certifying that Count I may be maintained as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure and appointing Plaintiff and the undersigned counsel to represent the class previously set forth and defined above.
2. Adjudging that Defendant violated 15 U.S.C. §§ 1692e, and 1692e(10);
3. An award of statutory damages for Plaintiff and the class members pursuant to 15 U.S.C. § 1692k;
4. Attorneys' fees, litigation expenses and costs of suit pursuant to 15 U.S.C. § 1692k; and
5. Such other and further relief as the Court deems proper.

Dated: Floral Park, New York
October 14, 2020

By: /s/ Ryan Gentile
_____
Ryan Gentile, Esq.
*Attorney for Plaintiff*
110 Jericho Turnpike – Suite 100
Floral Park, NY 11001
Tel: (201) 873-7675
Fax: (516) 305-5566
rlg@lawgmf.com